Per Curiam.

Plaintiff has recovered a judgment based upon an alleged breach of contract by defendant in two respects. First, that defendant failed to furnish the required number of cows, and second, that defendant refused to pay one half of certain expense items. As to the first item, plaintiff claims defendant had only twenty-four cows on the farm on May 1, 1947, instead of thirty as required by the agreement although he admits that there were nineteen cows when he moved on the farm; that six cows and four heifers were purchased in February, 1947, and defendant also bought three more at some other time; and that two of defendant’s cows died. Defendant contends that he had the required number of cows on the farm, but they were not given proper care by plaintiff.
The jury should have been instructed to determine upon all the evidence whether or not defendant had furnished the number of cows required by the agreement and only in the event they found that defendant had failed to perform could the plaintiff recover any damages for this alleged breach of contract. The proof of damages for failure to deliver the proper number of cows was not complete. There was no evidence as to the cost of feed for the cows, which item was necessary in order to determine any loss that plaintiff might have suffered by reason of any failure of the defendant to perform his contract in this respect. It is also noted that the gross amount testified to by plaintiff included the revenues he would have received from eight, instead of six cows, the number he claims should have been added to the herd by May 1, 1947.
*745 The proof as to the meaning of the word “ expenses ” was such as to make the interpretation a mixed question of law and fact and presented a question for the jury to determine. The jury should have heen instructed that it was for them to determine, on all the evidence, whether the word as used in the agreement was limited to “ feed and fertilizer ” as contended by the defendant or included any and all expenses required in the farm operation as was claimed by plaintiff, and, further, that if they found in favor of the defendant, plaintiff could recover on none of the claimed items of expenses; but if they found the word was used in the broad sense as claimed by the plaintiff, they should then consider each item and determine whether or not it was a proper expenditure in the farm operation and award plaintiff damages on those items only that met that test.
The court should also have submitted to the jury with proper instructions, the question of whether or not there had been a settlement between the parties to July 1, 1947, as testified to by the defendant.
We reach the conclusion that the judgment and order should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.
All concur. Present — Taylor, P. J., Love, Vaughan, Kim-ball and Piper, JJ.
Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.